IN THE UNITED STATES DISTRICT COURT
EASTERN DIVISION OF ARKANSAS
CENTRAL DIVISION

**KEVIN ROBINSON**         **PLAINTIFF**

**v.**       **4:22-CV-00217-BRW**

**ARKANSAS PAROL BOARD**        **DEFENDANTS**

## ORDER

Plaintiff asserts that the Arkansas Parole Board incorrectly made him serve five additional months of parole.[1] A district court has the authority to dismiss a case *sua sponte* for failure to state a claim.[2] "The Arkansas Parole Board is not a 'person' amenable to suit in a § 1983 action."[3] Additionally, "[i]t is well-settled that parole board members and parole hearing officers are entitled to absolute immunity when deciding whether to grant, deny, or revoke parole."[4]

Because Plaintiff's Complaint states no cause of action against Defendant for which relief may be granted, this case is DISMISSED. The motion to proceed *in forma pauperis* (Doc. No. 1) is DENIED as MOOT.

IT IS SO ORDERED this 16th day of March, 2022.

                                                  *Billy Roy Wilson*
                                                UNITED STATES DISTRICT JUDGE

---

[1] Doc. No. 1.

[2] See *Smith v. Boyd*, 945 F.2d 1041 (8th Cir. 1991).

[3] *Aaron v. Felts*, No. 5:12CV00097 DPM/JTR, 2012 WL 1530449, at *1 (E.D. Ark. Apr. 3, 2012), report and recommendation adopted, No. 5:12-CV-97-DPM, 2012 WL 1532414 (E.D. Ark. Apr. 30, 2012) (citing *Deloria v. Lightenberg*, No. 10–2358, 2010 WL 4340968 (8th Cir. Nov. 4, 2010)).

[4] *Campbell v. Williams*, No. 5:10CV00312 SWW, 2011 WL 1576367, at *1 (E.D. Ark. Apr. 26, 2011). See *Anton v. Getty*, 78 F.3d 393, 395 (8th Cir.1996) (explaining that "parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to judges, and are, therefore, entitled to absolute immunity") (internal quotation omitted)).